**James Charles DAVIS, Plaintiff–Appellant**

v.

**HENDERSON COUNTY SHERIFF'S DEPARTMENT; Ira Spearman; FNU Fulmer, Officer; FNU Paralini, Sergeant; Don Yarbrough; Linda LNU, Defendants–Appellees.**

No. 08–41051

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 2009.

James Charles Davis, Chandler, TX, pro se.

Charles H. Clark, Clark, Lea & Porter, Bobby Lance Vincent, Ritcheson, Lauffer, Vincent & Dukes, P.C., Tyler, TX, for Defendants–Appellees.

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM: *

Appellant James Charles Davis appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous. Davis was arrested for burglary of a habitation after allegedly entering his neighbor's house carrying a hammer and a knife and barricading himself in a bathroom, while holding his neighbor at knife-point. After Davis refused to undergo a mental competency examination, the district attorney reduced the charge to theft, and Davis pleaded guilty.

The district court determined that Davis's suit against law enforcement officials, the sheriff's department, and his neighbors was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Davis's theft conviction has not been overturned or otherwise invalidated. Davis does not dispute the district court's ruling. Instead, he asks this court to expunge his record, to punish the defendants, and to award damages. Because he does not address the basis for the dismissal of his suit, he has waived any argument that his suit is not barred by *Heck*. *See Brewster v. Dretke*, 587 F.3d 764, 768 n. 2 (5th Cir. 2009) (pro se § 1983 litigant waives issue by failing to brief it). The appeal is DISMISSED AS FRIVOLOUS, as it lacks any issues of arguable merit. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Davis's motions for appointment of counsel and change of venue are DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.